## In the Supreme Court of Pennsylvania.

### BROWN *v.* THOMAS & BLANDY.

The finding of an auditor, upon the evidence submitted before him, unless very plain mistake is shown, will be considered as conclusive, especially where his finding has been approved of by the court below.

**Appeals from the decree of the court of common pleas of Lehigh county.**

Opinion delivered May 11th, 1874, by

SHARSWOOD, J. As to the main question in these appeals, which is one of fact merely, according to the well settled principles upon which the court has always acted, we must consider the finding of the auditor upon all the evidence, after the second reference to him, to be conclusive, unless very plain mistake is shown. More particularly must that be so when his findings in that respect has been approved by the court below. We agree with the learned judge, that upon the reference back to the auditor the whole case was necessarily re-opened, and all parties before the auditor were bound to take notice of it. It would present a very strange anomaly if, as to some claimants upon a fund, a fact should be found one way, and in regard to other claimants on the same fund, there should be a contrary finding, and a distribution awarded to some and denied to others according to this double result, when it is manifest that in law and equity all stand upon the same platform. We hold then that the furnace in question was finished on the first of August, 1871, and the mortgage of the premises to Wm. F. Biddle, was executed and recorded the next day. It is true that the weight of the evidence seems to be that the air and water connections were not then made, though the pipes were all laid ready for the connection. Yet on the other hand the testimony of Reichard, who laid the fire brick in the furnace in May, 1872, and it is not easy to see how he could be mistaken, is very positive and distinct: "The furnace had been in operation and was blowed out before John F. Blandy came there; what was done after John F. Blandy was repairing and building that other kiln, the furnace had been in operation before I came there and what I did was repairing; furnaces do sometimes chill when they are first started and require to be repaired." It is not a point in dispute that John F. Blandy did take charge of the work on the first of August, 1871, the date of the execution of the mortgage. Indeed it can hardly be disputed that the furnace was started and run a short time before that day. The only contention is that it was for an experiment with the roasting kiln, and not for the purpose of making iron. In either event we think the auditor and court below were justified in coming to the conclusion that the furnace was then finished according to its original plan, though that may have been defective, and repairs and alterations were afterwards made in order to remedy the defect.

Thus far, upon the exceptions in the court below and the assignments of error in this court, nothing would remain but to affirm the decree and dismiss the appeals. But a point has been very ingeniously started here by the able counsel of the appellants, which requires to be noticed. It relates to the finding, both by the auditor and the court, of the existence of the lien of Charles F. Beckel. It is clear that though when the mortgage was executed Beckel had a claim to the extent of $67.51, for work and materials then done, and which was left unpaid, yet if the furnace was finished August 1, 1871, and his claim was not filed until October, 1872, at the time of sheriff's sale upon the judgment of the claimant, Brown, he had no lien. The logical consequence follows, that the mortgage being then the first lien, the sale would be subject to the mortgage, and the mortgagor have no right to come on the fund. Hence it is argued the contention by the mortgagee that the furnace was finished August 1, 1871, is *felo de se.* It shows that he has no standing in court, and his objection to the award of the money, or any part of it, to the mechanics, ought to be disregarded as coming from an entire stranger. But it is t'. be remarked that no objection or exception in the court below appears to the claim of Beckel as a lien prior, to August, 1871. The mortgagee indeed did except, but only to so much as was for work done, subsequently his appeal to this court has been withdrawn. There was good reason for this course. As we have seen, an objection to Beckel's claim by the mortgagee would have been fatal to his right to come on the fund. In like manner, an objection by the mechanics, if successful, would have been equally fatal to them, for if Beckel had no lien, on the ground that the furnace was finished August, 1871, so neither had any of them. What then is the consequence as far as our duty to the cause is concerned ? Without exception and without assignment of error here, we are bound to regard the claim of Beckel as a valid subsisting lien, which was so at the time of the sheriff's sale. We are not called upon to take notice of the fact that it was not filed until October, 1872. No injustice is done by the decree. The furnace was, to all outward appearance, finished. The mortgagee advanced his money in good faith to pay off all existing mechanics' claims. The money was so applied except as to this small amount due to Beckel, which seems to have been overlooked by mistake. The work subsequently done was evidently in the nature of mere alterations and repairs, though undoubtedly if the furnace had not been before finished, they would, within the principle of Norris' Appeal, 6 Casey 122, be entitled to be considered as a part of the original erection, and to relate back to the date of its commencement.

Decree affirmed, and appeals dismissed at the costs of the appellants.